IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SUSAN E. VOSS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:22-cv-173-JDK-JDL |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| Defendant. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Susan E. Voss filed this appeal from a final administrative decision of the Commissioner of the Social Security Administration denying her application for Social Security benefits. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On January 5, 2023, Judge Love issued a Report and Recommendation recommending that the Court affirm the Commissioner's decision and dismiss this case with prejudice. Docket No. 14. Plaintiff timely objected. Docket No. 15.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In her objections, Plaintiff reargues the same points that were raised in her brief, objecting to the Magistrate Judge's determination that the Commissioner's decision is supported by substantial evidence. Docket No. 15. Specifically, Plaintiff argues that the record does not support that Plaintiff can frequently handle and finger bilaterally, that the record does not support that Plaintiff can read large-print text, and that the ALJ failed to consider Plaintiff's depression when determining her RFC. *Id.*

As to the first objection, the Magistrate Judge considered the entire record in determining that substantial evidence supports the ALJ's finding that Plaintiff could frequently handle and finger bilaterally. Docket No. 14 at 11. Relying in part on the state agency medical consultant's opinion that Plaintiff had no manipulative limitations, the ALJ found that Plaintiff could frequently handle and finger bilaterally. The Magistrate Judge discussed the evidence that supported the ALJ's finding, including Plaintiff's diagnosed arthritis of both hands, her testimony that her hands frequently cramp up and go numb, the opinion of the state agency medical consultant, and her medical records in which her treating physician opined that she had generally responded well to treatment. *Id.* As the Magistrate Judge correctly noted, Plaintiff has not carried her burden of proving a disability on this point. *See Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991).

Concerning Plaintiff's argument concerning her vision, the ALJ found that Plaintiff could not read small-print type, but could use computers or other machinery that permitted her to easily enlarge text. Docket No. 12 at 8. Plaintiff objects to the Magistrate Judge's agreement with this finding, arguing that "there is nothing in the record as to font size." Docket No. 15 at 2. But the Magistrate Judge discussed the conflicting evidence in the record regarding her ability to read in determining that the ALJ's finding was supported by substantial evidence. As the Magistrate Judge noted, nothing in the record suggests that Plaintiff cannot read any size text at all, including Plaintiff's own testimony. Docket No. 14 at 12. In April 2020, Plaintiff admitted that she could read fine print and use computers. *Id.* Further, in July 2021, her treating physician opined that, despite suffering from proliferative diabetic retinopathy of both eyes, Plaintiff's vision was stable. *Id.* Plaintiff's claim of rapidly deteriorating vision loss resulting in an inability to read text of any size in a little over a year would likely be supported by medical records. But Plaintiff fails to present any such records. Thus, Plaintiff has not met her burden of proving that she is unable to perform her past relevant work because of her vision impairment.

Finally, as Plaintiff notes and the Magistrate Judge determined, the ALJ's failure to consider Plaintiff's depression in determining her RFC was error. Docket No. 14 at 9. Plaintiff, however, has not shown any prejudice resulting from that error, namely that the ALJ's consideration of her depression would have changed his RFC finding. As the Magistrate Judge discussed, Plaintiff's counsel had the opportunity to correct any deficiencies in the ALJ's hypothetical posed to the Vocational Expert,

3

such as what affect a limitation of "non-complex work" would have on her ability to perform her past relevant work, but failed to do so. *Id.* at 10. Plaintiff therefore has not met her burden on this point.

Having conducted a de novo review of Plaintiff's objections, the record in this case, and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 14) as the opinion of the District Court. The Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this case with prejudice.

So **ORDERED** and **SIGNED** this **25th** day of **January, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4